PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Middle Alabama |
|---|---|
| Name (under which you were convicted): LARRY DONOVAN MIMS | Docket or Case No.: 2:07 CV 272-WKW |
| Place of Confinement: STATON CORR. FACILITY | Prisoner No.: 131817 |

| Petitioner (include the name under which you were convicted) LARRY DONOVAN MIMS | v. | Respondent (authorized person having custody of petitioner) LEON FORNISS - WARDEN |
|---|---|---|
| The Attorney General of the State of ALABAMA | | |

RECEIVED
2007 MAR 28 A 10:02
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: JEFFERSON COUNTY CIRCUIT COURT - BIRMINGHAM, ALABAMA

   (b) Criminal docket or case number (if you know): CC-02-4739

2. (a) Date of the judgment of conviction (if you know): 10-8-03

   (b) Date of sentencing: 10-30-03

3. Length of sentence: LIFE

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☐ No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: TRAFFICKING IN HEROIN

6. (a) What was your plea? (Check one)
   (1) Not guilty ☑
   (2) Guilty ☐
   (3) Nolo contendere (no contest) ☐
   (4) Insanity plea ☐

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? __N/A__

(c) If you went to trial, what kind of trial did you have? (Check one)

   Jury ☑     Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

   Yes ☐  No ☑

8. Did you appeal from the judgment of conviction?

   Yes ☑  No ☐

9. If you did appeal, answer the following:
   (a) Name of court: __ALABAMA COURT OF CRIMINAL APPEALS__
   (b) Docket or case number (if you know): __CR-03-0208__
   (c) Result: __AFFIRMED BY MEMORANDUM__
   (d) Date of result (if you know): __10-1-04__
   (e) Citation to the case (if you know): __NOT KNOWN__
   (f) Grounds raised: __CIRCUIT COURT ERRED IN DENYING PETITIONER'S MOTION FOR JUDGMENT OF ACQUITTAL; THE CIRCUIT ERRED IN DENYING PETITIONER'S CHALLENGE FOR CAUSE OF JUROR #67; THE CIRCUIT COURT ERRED WHEN IT OVERRULED PETITIONER'S OBJECTIONS TO OPENING STATEMENT BY PROSECUTOR WHICH INJECTED HER KNOWLEDGE OF MIMS GUILT.__

   (g) Did you seek further review by a higher state court? Yes ☑ No ☐

   If yes, answer the following:
   (1) Name of court: __ALABAMA SUPREME COURT__
   (2) Docket or case number (if you know): __1040274__
   (3) Result: __DENIED__

   (4) Date of result (if you know): __1-7-05__
   (5) Citation to the case (if you know): __NOT KNOWN__
   (6) Grounds raised: __SAME AS IN #9(f) above__

(h) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐ No ☑

If yes, answer the following:

(1) Docket or case number (if you know): ___N/A___

(2) Result: ___N/A___

(3) Date of result (if you know): ___N/A___

(4) Citation to the case (if you know): ___N/A___

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: ___JEFFERSON COUNTY CIRCUIT COURT___

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): ___CC 02-4739.60___

(4) Nature of the proceeding: ___RULE 32___

(5) Grounds raised: ___DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL; DENIAL OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.___

___SEE RECORD FOR DETAILS___

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐ No ☑

(7) Result: ___DENIED___

(8) Date of result (if you know): ___3-13-06___

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: ___N/A___

(2) Docket or case number (if you know): ___N/A___

(3) Date of filing (if you know): ___N/A___

(4) Nature of the proceeding: ___N/A___

(5) Grounds raised: ___N/A___

_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

　　　Yes ☐　No ☑　N/A

(7) Result: ___N/A_____

(8) Date of result (if you know): ___N/A_____

(c) If you filed any third petition, application, or motion, give the same information:

　　(1) Name of court: ___N/A_____
　　(2) Docket or case number (if you know): ___N/A___
　　(3) Date of filing (if you know): ___N/A___
　　(4) Nature of the proceeding: ___N/A___
　　(5) Grounds raised: ___N/A___

_____
_____
_____
_____
_____
_____
_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

　　　Yes ☐　No ☑　N/A

(7) Result: ___N/A_____

(8) Date of result (if you know): ___N/A_____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

　　(1) First petition:　　　Yes ☑　No ☐
　　(2) Second petition:　　Yes ☐　No ☐
　　(3) Third petition:　　　Yes ☐　No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: ___N/A___

_____
_____
_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

<u>CAUTION</u>: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): On 8-18-01, petitioner was a passenger in a vehicle driven by Lola Johnson (owner of the vehicle) when pulled over by Deputy Jeff Perkins of the Jefferson County Sheriff Dept. Sobriety test was administered by the Deputy to Lola Johnson which she failed. The Deputy observed Petitioner in the vehicle who also smelled of alcohol. The Deputy placed Lola Johnson under arrest for DUI and called a wrecker to tow the vehicle. (SEE ATTACHEMENT)

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐ No ☑
   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: N/A - There is no mandatory requirement that Denial of Effective Assistance of Counsel claims be raised on direct appeal.

(d) **Post-Conviction Proceedings:**
   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      Yes ☑ No ☐
   (2) If your answer to Question (d)(1) is "Yes," state:
   Type of motion or petition: RULE 32
   Name and location of the court where the motion or petition was filed: JEFFERSON COUNTY CIRCUIT COURT - BIRMINGHAM, ALABAMA
   Docket or case number (if you know): CC 02-4739.60
   Date of the court's decision: 3-13-06

Result (attach a copy of the court's opinion or order, if available): __DENIED__

(3) Did you receive a hearing on your motion or petition?
    Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?
    Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: __ALABAMA COURT OF CRIMINAL APPEALS - MONTGOMERY, ALABAMA__
Docket or case number (if you know): __CR-05-1223__
Date of the court's decision: __12-15-06__
Result (attach a copy of the court's opinion or order, if available): __AFFIRMED BY MEMORANDUM__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: __N/A__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: __APPLICATION FOR WRIT OF CERTIORARI - ALABAMA SUPREME COURT. DENIED 3-9-07__

**GROUND TWO:** __DENIAL OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.__
(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __Trial counsel filed a motion to suppress the evidence. During the suppression hearing the following occurred:__
__The Court: Well, it's my understanding he's trying to suppress the evidence.__
__Defense Counsel: Right.__
__The Court: Based on saying it to go back to law school for fruit of the poisonous tree. (SEE ATTACHMENT)__

(b) If you did not exhaust your state remedies on Ground Two, explain why: __N/A__

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: __N/A - There is no mandatory requirement that Denial of Effective Assistance of Counsel claims must be raised on direct appeal__

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: __RULE 32__

Name and location of the court where the motion or petition was filed: __JEFFERSON COUNTY CIRCUIT COURT - BIRMINGHAM, ALABAMA__

Docket or case number (if you know): __CC 02-4739.60__

Date of the court's decision: __3-13-06__

Result (attach a copy of the court's opinion or order, if available): __DENIED__

(3) Did you receive a hearing on your motion or petition?

Yes ☐  No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☑  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: __ALABAMA COURT OF CRIMINAL APPEALS - MONTGOMERY, ALABAMA__

Docket or case number (if you know): __CR-05-1223__

Date of the court's decision: __12-15-06__

Result (attach a copy of the court's opinion or order, if available): __AFFIRMED BY MEMORANDUM.__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: APPLICATION FOR WRIT OF CERTIORARI - ALABAMA SUPREME COURT - DENIED 3-9-07

**GROUND THREE:** DENIAL OF EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): The record show Appellate counsel was appointed after the Trial counsel withdrew from the case. Appellate Counsel (George Jones) knew of the issue regarding the suppression hearing, as he expressly included in the transcript of the suppression hearing part of the record on appeal more perplexing is that Appellate Counsel (SEE ATTACHMENT)

(b) If you did not exhaust your state remedies on Ground Three, explain why: 

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: 

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☑  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: RULE 32

Name and location of the court where the motion or petition was filed: JEFFERSON COUNTY CIRCUIT COURT - BIRMINGHAM, ALABAMA

Docket or case number (if you know): __CC02-4739.60__
Date of the court's decision: __3-13-06__
Result (attach a copy of the court's opinion or order, if available): __DENIED__

(3) Did you receive a hearing on your motion or petition?

Yes ☐ No ☑

(4) Did you appeal from the denial of your motion or petition?

Yes ☑ No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (d)(4) is "Yes," state:
Name and location of the court where the appeal was filed: __COURT OF CRIMINAL APPEALS - MONTGOMERY, ALABAMA__
Docket or case number (if you know): __CR-05-1223__
Date of the court's decision: __12-15-06__
Result (attach a copy of the court's opinion or order, if available): __AFFIRMED BY MEMORANDUM__

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
__N/A__

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: __N/A__

**GROUND FOUR:** __N/A__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): __N/A__

(b) If you did not exhaust your state remedies on Ground Four, explain why: __N/A__

(c) **Direct Appeal of Ground Four:**

  (1) If you appealed from the judgment of conviction, did you raise this issue?

  Yes ☐  No ☑  N/A

  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: __N/A__

(d) **Post-Conviction Proceedings:**

  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

  Yes ☐  No ☑  N/A

  (2) If your answer to Question (d)(1) is "Yes," state:

  Type of motion or petition: __N/A__

  Name and location of the court where the motion or petition was filed: __N/A__

  Docket or case number (if you know): __N/A__

  Date of the court's decision: __N/A__

  Result (attach a copy of the court's opinion or order, if available): __N/A__

  (3) Did you receive a hearing on your motion or petition?

  Yes ☐  No ☑  N/A

  (4) Did you appeal from the denial of your motion or petition?

  Yes ☐  No ☑  N/A

  (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

  Yes ☐  No ☑  N/A

  (6) If your answer to Question (d)(4) is "Yes," state:

  Name and location of the court where the appeal was filed: __N/A__

  Docket or case number (if you know): __N/A__

  Date of the court's decision: __N/A__

  Result (attach a copy of the court's opinion or order, if available): __N/A__

GROUND ONE
CONTINUED 12 (a) SUPPORTING FACTS Pg.(1)

The Deputy instructed Petitioner to step out of the vehicle and placed him under arrest for public intoxication. TR. 19, 26, 97. According to the Deputy's trial testimony while Lola Johnson and Petitioner confined to the patrol car they searched the vehicle and removed a bag that contained fifteen (15) smaller bags of what appeared to be powder cocaine. TR. 19-22, 53, 99. Nineteen Hundred Dollars in cash was seized from Petitioner at the jail. A forensic test later revealed the substance found in Lola Johnson's vehicle was heroine, in which petitioner was charged.

During the Trial the state prosecutor addressed the Court out of the jury's presence:

> MS. PRESSLEY (prosecutor): I have something to take up with the Court. I found out that the State witness in this case (Lola Johnson) has three prior felony convictions from 1990 for possession of cocaine. And due to the remoteness rule I just want to make the Court aware of that, that should not be admissible due to the remoteness rule. I wanted to let everyone know that before she takes the stand that she does have these prior felonies, but they are fourteen years old.

GROUND ONE
CONTINUED 12(a) SUPPORTING FACTS pg.(2)

The Trial Court construed the state's request as a motion In Limine and granted it (TR.38, 41) then spoke of the ten year rule. TR.38. Trial Counsel ask the Court for time to find some law. TR.38. The state prosecutor cited Rule 609(b) of McElroy's. TR.38-39. When Trial Counsel sought more time to research the law and claimed surprise, the State Prosecutor twice stated that she told Trial Counsel yesterday she was calling Lola Johnson as a witness for the State. TR.39-40. The Trial Court told Trial Counsel that unless he found some law the priors could not be used at trial. TR.39-40. Trial Counsel accepted the state prosecutor's citation of Rule 609(b) of McElroy's as the determinative authority. A proper investigation of the law would have revealed that the prejudical effect of not being allowed to have the jury hear evidence that someone (Lola Johnson) other than Petitioner could be guilty of the offense and to deny Petitioner to confront the state's witness before the jury was an unconstitutional denial of Petitioner's Sixth Amendment Right to Confrontation and a fair trial.

Furthermore, the ten year remoteness rule did not apply because the time begin running from the end of the sentences. Had Trial Counsel investigated the prior convictions and the law there would have been grounds to challenge the ten year remoteness rule.

CONTINUED 12(a), GROUND TWO - SUPPORTING FACTS pg.(1)

    Defense Counsel: I believe that's entirely correct your Honor.

Based on the record, Trial counsel presented no facts to the court or legal authority supporting the motion to suppress to the Trial Court.

Petitioner was a passenger on Lola Johnson's vehicle, in which two officer's from the Jefferson County sheriff's Department pulled the vehicle over claiming it was weaving on I-59. After the officers determined that Lola Johnson was driving under the influence of alcohol she was placed under arrest, in which the Officer called a tow truck to have the vehicle pulled in. While waiting on the tow truck, the Officer instructed Petitioner to step out of the vehicle; when petitioner complied with the Officer's instructions the officer arrested him for public intoxication. The Officer's then searched the vehicle and found the heroin. Once at the jail Nineteen Hundred Dollars was confiscated from Petitioner.

The petitioner's arrest for public intoxication was illegal; Thus making the confiscation of the heroin the fruit of the poisonous tree.

Had Trial Counsel properly argued the facts and law supporting the motion to suppress there is a probability the motion would have been granted.

## GROUND TWO
CONTINUED 12(a) SUPPORTING FACTS Pg.(2)

Because Trial counsel failed to research the relevant law, and make a reasonable not to pursue this line of defense, his performance was deficient and Petitioner was prejudiced. There is a reasonable probability had Trial Counsel functioned as counsel guaranteed by the Sixth Amendment the results of this case would have been different.

## GROUND THREE
CONTINUED 12(a) SUPPORTING FACTS Pg. 2

listed as the Issues on Appeal in the Docketing Statement:

> Reversible error was committed by the Circuit Court when it denied his motion to suppress the evidence based on an illegal arrest for public intoxication.

Because the officer instructed Petitioner to get out of the vehicle, Petitioner could not be legally charged and arrested for public intoxication. This is why the charge of public intoxication was dismissed by the Trial Court. However, the heroin found as a result of Petitioner's public intoxication arrest was used to convict him of Trafficking.

GROUND THREE
CONTINUED SUPPORTING FACTS, pg. (3)

Despite Appellate Counsel's knowledge and intent to raise this issue, it was not raised on appeal.
The Trial Court stated as reasons for denial of the motion to suppress was that petitioner's arrest for public intoxication was legal... The Trial Court's reason(s) for denying the motion to suppress was error. SEE BROWN V. STATE, 38 ALA. APP. 312, 82 So 2d 806 (1955).
Appellate Counsel was ineffective for failing to review the suppression and trial transcript and realize the entire case hinged on the legality or illegality of his arrest for public intoxication. His acts or omission in not researching the issue and raising it on appeal constitutes unreasonable representation on appeal.
The prejudice to petitioner is two-fold. First, the issue is viable and given the facts of this case it is not outside reasoned logic that the Appellate Court might have reversed the conviction. Secondly, petitioner is prejudiced because instead of having the scrutiny of direct appellate review he is faced with the burden of proving ineffective assistance of counsel, a higher burden to meet than on direct appeal.
Therefore, the outcome of the trial probably would have been different.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: N/A

13. Please answer these additional questions about the petition you are filing:
    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?     Yes ☑  No ☐   N/A
    If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A  "No"

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?     Yes ☐  No ☑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  Yes ☐  No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.  N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: N/A

    (b) At arraignment and plea: MARK POLSON

    (c) At trial: MARK POLSON

    (d) At sentencing: MARK POLSON

    (e) On appeal: GEORGE H. JONES

    (f) In any post-conviction proceeding: N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  Yes ☐  No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

    (b) Give the date the other sentence was imposed: N/A

    (c) Give the length of the other sentence: N/A

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  Yes ☐  No ☑  N/A

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____N/A_____

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: _ISSUE THE WRIT OF HABEAS AND ORDER THE RELIEF REQUIRED BY LAW_

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _March 22, 2007_ (month, date, year):

Executed (signed) on _March 22, 07_ (date).

_Larry P. Mims_
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

\* \* \* \* \*

LARRY DONOVAN MIMS
#131817 - B1-100A
STATON CORR. FACILITY
P.O. BOX 56
ELMORE, ALABAMA
36025

MONTGOMERY AL 361
27 MAR 2007 PM 1 L

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA
36130